[Cite as *State v. Sanders*, 2014-Ohio-511.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130193 |
| | | C-130194 |
| Plaintiff-Appellant, | : | TRIAL NOS. 12TRC-34067A &B |
| vs. | : | *O P I N I O N.* |
| DARRYLE SANDERS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 14, 2014

*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Office of the Hamilton County Public Defender* and *Josh Thompson*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Plaintiff-appellant the city of Cincinnati appeals the decision of the Hamilton County Municipal Court granting defendant-appellee Darryle Sanders's motion to suppress evidence stemming from his arrest for driving under the influence of alcohol on the basis that the arresting officer did not have probable cause to arrest him.  We find merit in the city's sole assignment of error, and we reverse the trial court's judgment.

{¶2}    On July 12, 2012, Sanders was charged with operating a motor vehicle under the influence of alcohol under former R.C. 4511.19(A)(1)(a), operating a motor vehicle with a prohibited breath-alcohol content under former R.C. 4511.19(A)(1)(d) and speeding under former R.C. 4511.21(A).  Subsequently, the trial court held a hearing on Sanders's motion to suppress.

{¶3}    The evidence at the hearing showed that Ohio State Highway Patrol Trooper Jacob Salamon observed Sanders traveling 59 m.p.h. in a 45 m.p.h. zone on Columbia Parkway.  He also saw Sanders commit several marked-lane violations.  When Sanders stopped at an intersection, Sanders's tire crossed over the left lane line.

{¶4}    Trooper Salamon stopped Sanders's car.  When he approached Sanders, he noticed that Sanders's eyes were glassy and bloodshot.  He also noticed a an odor of alcohol in the car and a moderate odor of alcohol on Sanders's breath, which continued to be apparent after he got out of the car.  When Trooper Salamon asked if he had consumed any alcohol, Sanders replied that he had had "some drinks."

{¶5} Trooper Salamon had Sanders perform field-sobriety tests. First, he administered the horizontal-gaze-nystagmus test. After checking each eye twice, Trooper Salamon observed a lack of smooth pursuit in each eye, an onset of nystagmus prior to 45 degrees in each eye, and nystagmus at maximum deviation in each eye. In total, he observed six out of six potential clues of impairment.

{¶6} Sanders performed the one-leg-stand test satisfactorily, and Trooper Salamon observed zero out of four clues. Finally, Trooper Salamon had Sanders perform the walk-and-turn test. He saw Sanders "break his feet" before completion of the instructions. Sanders also failed to touch heel to toe, stepped off the line, and lost his balance during the turn. In total, Trooper Salamon observed four out of eight clues of impairment. Based on the totality of the circumstances, Trooper Salamon believed that Sanders was impaired and arrested him.

{¶7} In ruling on the motion to suppress, the trial court found that the horizontal-gaze-nystagmus test and the walk-and-turn test were not given in substantial compliance with the regulations established by the National Highway Transportation Safety Administration. Therefore, although it did not actually suppress the results of the tests, the court did not consider those tests in ruling on the motion to suppress. The court ultimately determined that Trooper Salmon lacked probable cause to arrest and granted Sanders's motion to suppress. The city has filed a timely appeal under R.C. 2945.67(A) and Crim.R. 12(K).

{¶8} In its sole assignment of error, the city contends that the trial court erred in granting Sanders's motion to suppress based on a lack of probable cause to arrest. It argues that Trooper Salamon's observations, together with Sanders's admission that he had been drinking, were sufficient to warrant a prudent person in

believing that Sanders was driving under the influence of alcohol. This assignment of error is well taken.

{¶9}    Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Fisher*, 1st Dist. Hamilton No. C-080497, 2009-Ohio-2258, ¶ 7.

{¶10}    In determining whether probable cause to arrest existed, a court must ascertain whether, at the time of the arrest, the police officer had sufficient facts and circumstances within his knowledge to warrant a prudent person in believing that the defendant was committing or had committed an offense. *State v. Heston*, 29 Ohio St.2d 152, 155-156, 280 N.E.2d 376 (1972); *Fisher* at ¶ 10. Probable cause to arrest need not be based on a suspect's poor performance on field-sobriety tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even without evidence of field-sobriety tests. *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000), *superseded by statute on other grounds as stated in State v Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155; *State v. Kiefer*, 1st Dist. Hamilton No. C-030205, 2004-Ohio-5054, ¶ 18.

{¶11}    Trooper Salamon stopped Sanders's car for speeding and marked-lane violations. Sanders was not nominally speeding; he was traveling 59 m.p.h. in a 45 m.p.h. zone, 14 m.p.h. over the posted speed limit. He weaved within his lane of travel, touching the lane line with the right side of his car. When he stopped at an intersection, he was not within his lane of travel, but partially touching the lane line with the left side of his car. When Trooper Salamon approached Sanders, he noticed

that Sanders had bloodshot, glassy eyes.  Trooper Salamon also noticed an odor of alcohol in the car and a moderate odor of alcohol on Sanders's breath that continued to be apparent when Sanders got out of his car.  When Trooper Salamon asked Sanders if he had consumed alcohol, Sanders admitted that he had had "some drinks."

{¶12}   Thus, Trooper Salamon had sufficient facts within his knowledge to warrant a prudent police officer in believing that Sanders had been operating a motor vehicle while under the influence of alcohol in violation of former R.C. 4511.19. Therefore, he had probable cause to arrest Sanders.  *See State v. Whitty*, 1st Dist. Hamilton Nos. C-100101 and C-100102, 2010-Ohio-5847, ¶ 18-19; *Fisher*, 1st Dist. Hamilton No. C-080497, 2009-Ohio-2258, at ¶ 12; *Kiefer* at ¶ 19.  We sustain the city's assignment of error, reverse the trial court's judgments and remand the cause to the trial court for further proceedings consistent with the law and this opinion.

Judgments reversed and cause remanded.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.