[Cite as *State v. Bremenkamp*, 2014-Ohio-5097.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130819 |
| | | C-130820 |
| Plaintiff-Appellant, | : | TRIAL NOS. 13TRC-26067-A |
| | | 13TRC-26067-B |
| vs. | : | |
| | | *O P I N I O N.* |
| COURTNEY BREMENKAMP, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 19, 2014

*Terrance Nestor*, Interim City Solicitor, *Charles Rubenstein*, City Prosecutor, and *David Sturkey*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Josh Thompson*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    The state of Ohio challenges an order of the trial court granting a motion to suppress in a drunk-driving case.  The driver was pulled over after committing multiple traffic violations.  She had bloodshot eyes, smelled of alcohol, and exhibited four of six clues on a horizontal-gaze-nystagmus ("HGN") test.  Additionally, she told the officer who pulled her over that she had drunk "enough [vodka] to get me arrested."

{¶2}    We disagree with the trial court's legal conclusion that the facts in this case did not provide probable cause to arrest.  As a consequence, we reverse the judgments of the trial court and remand for further proceedings.

I.

{¶3}    Courtney Bremenkamp was stopped by an Ohio State Highway Patrol trooper in the early morning of June 12, 2013.  Trooper Chris Sanger had observed Ms. Bremenkamp roll through a red light and make a right turn, ignoring both her obligation to stop at the light and a posted "no-turn-on-red" sign.  In addition, in executing the turn, Ms. Bremenkamp drifted into the outside lane rather than staying in the immediate right lane.

{¶4}    When Trooper Sanger approached Ms. Bremenkamp, he immediately smelled alcohol.  He also noted that her eyes were glassy and bloodshot.  Ms. Bremenkamp admitted to having drunk vodka earlier in the night.  When pressed about how much, she responded, "Enough to get me arrested."  Trooper Sanger then asked Ms. Bremenkamp to step out of her car.  Ms. Bremenkamp had no difficulty getting out of her car.  When she exited the car, Trooper Sanger noted a moderate-to-heavy odor of alcohol on her breath, although her speech was not slurred.

{¶5} Trooper Aaron Shade responded to the scene a short time later. When he first spoke to Ms. Bremenkamp, Trooper Shade "noticed the alcohol—the odor of alcohol immediately," an odor he characterized as "moderate to heavy." Trooper Shade also noted Ms. Bremenkamp had bloodshot, glassy eyes, but was not slurring her words.

{¶6} Trooper Shade then administered field-sobriety tests to Ms. Bremenkamp. He testified that Ms. Bremenkamp exhibited four of six clues on the HGN test. Her performance on the walk-and-turn test was better. She exhibited only one clue—an improper turn. The one-leg-stand test was performed without exhibiting any clues. As a result of Ms. Bremenkamp's performance on the HGN test, in addition to the other observations, the troopers arrested her for operating a vehicle while under the influence of alcohol ("OVI").

{¶7} The trial court granted Ms. Bremenkamp's motion to suppress, concluding that the troopers did not have probable cause to arrest her for OVI. In reaching its decision, the court did not make any specific findings of fact, but did make several comments from the bench. It opined that because she had admitted to drinking, there was "likely" to be a "moderate noticeable odor of alcohol" and "glassy and bloodshot eyes." The court also discounted Ms. Bremenkamp's own admission that she had drunk enough to get arrested, saying that she could have made such comments out of nervousness or anxiety, and that there had been no showing that she knew the required level of alcohol consumption to get arrested.

II.

{¶8} The state's sole assignment of error is that the court erred when it granted the motion to suppress due to lack of probable cause. The trial court did not make any factual findings. Rather, the court accepted the testimony of the two troopers and, based on their testimony, found that the probable-cause standard had not been

met. We apply de novo review to determine if the undisputed facts are sufficient to satisfy the legal standard of probable cause to arrest. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *see Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶9} The standard for probable cause is whether "at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000), *superseded by statue on other grounds as recognized in State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155. The test is an objective one. *State v. Deters*, 128 Ohio App.3d 329, 333, 714 N.E.2d 972 (1st Dist.1998).

{¶10} We think there is little question that this standard was met here. At the most basic level, the police had probable cause to believe that Ms. Bremenkamp had consumed enough alcohol to arrest her because she told them precisely that. The trial court chose to disregard her admission for two reasons: the possibility that she might have been nervous and the lack of a showing that she knew exactly how much alcohol she needed to consume to be in violation of the law. Neither reason persuades us. Almost any suspect questioned by the police has some level of nervousness, yet we do not routinely disregard confessions and admissions on the basis of anxiety alone. Nor do we think a showing that Ms. Bremenkamp was some kind of expert on impairment and alcohol consumption was necessary to give weight to her admission. After all, driving under the influence is a strict liability offense; the law, in essence, presumes that individuals will know the level of alcohol consumption that causes them to be impaired and guide themselves accordingly. One may be

arrested not only for driving with a prohibited concentration of alcohol in one's blood level, but also for driving with any level of alcohol that impairs one's ability to drive. *See* R.C. 4511.19(A)(1). That Ms. Bremenkamp readily admitted that she had drunk enough to get arrested is pretty strong evidence that she in fact had.

{¶11} We hardly think that in applying the probable-cause standard—a significantly lower standard than the reasonable-doubt standard necessary to convict—the police need to discount a suspect's own admission. Who better than Ms. Bremenkamp to know whether she had drunk too much to be driving? And what could be a more "reasonably trustworthy source" in a case such as this one than a suspect's own admission?

{¶12} Moreover, Ms. Bremenkamp's admission was corroborated by other facts, most notably her moderate-to-heavy odor of alcohol, her bloodshot eyes and her performance on the HGN test. In these circumstances, we conclude that there was probable cause to arrest.

{¶13} The two cases upon which Ms. Bremenkamp relies, S*tate v. Phoenix*, 192 Ohio App.3d 127, 2010-Ohio-6009, 948 N.E.2d 648 (1st Dist.), and *State v. Ruberg*, 1st Dist. Hamilton Nos. C-120619 and C-120620, 2013-Ohio-4144, do not persuade us otherwise*.* In *Phoenix*, the defendant was stopped for driving without his headlights on, had glassy and bloodshot eyes, had no slurred speech or difficulty exiting his car, had admitted to drinking a "couple of beers," had a slight odor of alcohol, and had exhibited one clue on both the walk-and-turn and the one-leg-stand tests. *Phoenix* at ¶ 10. The results of the HGN test were invalid. *Id.* at ¶ 4. In *Ruberg*, the defendant was speeding, had eyes that were "a little red," had no slurred speech or difficulty exiting her car, had admitted to drinking one drink 9.5 hours earlier, had an odor of alcohol—not characterized as strong—emanating from her, and had exhibited two clues on the walk-

and-turn test. *Ruberg* at ¶ 2-5. As in *Phoenix*, the results of the HGN test were held to be invalid. *Id.* at ¶ 4. In both cases, this court affirmed the trial court's judgment granting the motion to suppress due to lack of probable cause to arrest. *Phoenix* at ¶ 12; *Ruberg* at ¶ 14.

{¶14} While sharing some characteristics with the fact patterns in *Phoenix* and *Ruberg*, Ms. Bremenkamp's case is different in three significant ways. First, the two troopers testified that the alcohol odor on Ms. Bremenkamp's breath was moderate to heavy, not slight as in *Phoenix*. Second, she exhibited four of six clues on the HGN test, which was not invalidated by the court. And, most significantly, she admitted to having drunk enough vodka "to get arrested."

{¶15} Ms. Bremenkamp's case aligns more closely with those cases in which this court reversed the trial court's determination that the police officers did not have probable cause to arrest the defendant for OVI. *See State v. Sanders*, 1st Dist. Hamilton Nos. C-130193 and C-130194, 2014-Ohio-511 (speeding and weaving in traffic, admission to having some drinks, bloodshot, glassy eyes, no clues on one-leg-stand test, invalid HGN and walk-and-turn test); *State v. Sims*, 1st Dist. Hamilton Nos. C-010178 and C-010179, 2001 Ohio App. LEXIS 4764 (Oct. 26, 2001) (failure to stop at stop sign, pronounced odor of alcohol, no slurring or difficulty producing license, admission to having a few drinks, watery and bloodshot eyes, invalid field-sobriety tests).

III.

{¶16} We conclude that the evidence established that the troopers had information sufficient to cause a prudent person to believe that Ms. Bremenkamp was driving under the influence. The trial court erred when it granted the motion to suppress. The assignment of error is sustained. The judgments of the court are reversed, and the case is remanded for further proceedings.

6

Judgments reversed and cause remanded.

**DINKELACKER, P.J.,** concurs.
**FISCHER, J.,** concurs in judgment only.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

