[Cite as *State v. Johnson*, 2024-Ohio-5377.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.  C-240119 |
| | | TRIAL NOS.  23/TRC/20921/A/B/C |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| JAMIE JOHNSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: November 13, 2024


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Victoria L. Lowry*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} After entering no-contest pleas, Jamie Johnson was found guilty of operating a motor vehicle while impaired ("OVI"), in violation of R.C. 4511.19(A)(1)(a), driving under suspension, and making an improper turn at an intersection. In two assignments of error, Johnson argues that the trial court erred in overruling his motion to suppress because his arrest was not supported by probable cause, and that the court erred in finding him guilty of OVI because the facts provided by the State pursuant to Johnson's no-contest plea on that charge failed to establish the elements of the offense. For the following reasons, we affirm the judgment of the trial court.

## Factual and Procedural History

{¶2} Johnson was charged with driving impaired, driving under suspension, and making an improper turn at an intersection after causing a three-vehicle accident. Johnson pleaded not guilty and filed a motion to suppress all the evidence obtained after Johnson's arrest, including a breath-test result, results of the field sobriety testing, all observations and opinions of police officers, and Johnson's statements. Johnson asserted that the officer did not have probable cause to arrest him.

{¶3} At the hearing on the motion to suppress, Officer Shack, a Cincinnati police officer, testified that he responded to a call regarding a multi-vehicle traffic accident with injuries at 10:30 p.m. When he arrived, he saw a car parked next to the curb, a car in the middle of the road, and Johnson's car, which was parked on the sidewalk in front of a convenience store. Shack saw Johnson standing outside of his car and walked past him to communicate with one of the many officers on the scene. At that time, Shack did not closely observe Johnson.

{¶4} After speaking with the officer, Shack briefly spoke with Johnson. Shack obtained Johnson's driver's license and telephone numbers, and Johnson's

explanation of how the accident occurred. Johnson stated that he was turning left at the intersection of Reading and California Roads, while the light "was caution," and as he turned, the crash occurred. During that brief interaction, Shack did not observe any signs of impairment. Shack proceeded to speak with the other drivers involved and investigate the cause of the accident for approximately 30 minutes. Shack learned that Johnson caused the accident by turning left in front of the oncoming vehicles. After the accident and before the police arrived, Johnson became belligerent, yelled at the other drivers, and brandished a firearm at them.

{¶5} When Shack returned to speak with Johnson, he obtained Johnson's car keys to give to the tow truck driver. When Johnson gave his keys to Shack, he asked several questions, and Shack noticed an odor of alcohol and asked Johnson how much he had had to drink. Johnson responded, "Not a lot." After this response, Johnson declined to answer any additional questions or perform any field sobriety tests. As Shack continued to speak with him, he smelled a stronger odor of alcohol emanating from Johnson every time he spoke. Shack testified that Johnson slurred a few words, used odd word choices, and had watery eyes. Shack opined that Johnson was appreciably impaired based on his experience responding to alcohol-related stops and accidents, the victims' statements, and his observations of Johnson. Shack arrested Johnson for OVI.

{¶6} The court overruled the motion to suppress after finding that the officer had probable cause to arrest because Johnson caused a crash, had a strong odor of alcohol, admitted to consuming alcohol, slurred some words, was belligerent to the victims, and had watery eyes.

{¶7} At the next hearing, Johnson pleaded no contest to all three charges. When asked for the facts, the prosecutor stated that Johnson was operating a car in

3

Hamilton County. "While operating that motor vehicle, the defendant was operating it while under the influence of alcohol or drug [of] abuse in violation of ORC 4511.19(A)(1)(a). This is based off of a submittal to a [breath] test, which came back at a .134 BAC." The trial court found Johnson guilty.

{¶8} Johnson appealed all three convictions, but only presents assignments of error regarding the OVI conviction. Accordingly, we dismiss the appeal in part with respect to the convictions for driving under suspension and making an improper turn at an intersection.

## Probable Cause to Arrest

{¶9} In his first assignment of error, Johnson contends that the trial court erred in overruling his motion to suppress because the arrest was not supported by probable cause.

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, this court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶11} The standard for determining whether an officer had probable cause to arrest a suspect for OVI is whether the facts and circumstances within the police officer's knowledge are sufficient to cause a reasonably prudent person to believe that the defendant was driving under the influence. *See State v. Ruberg*, 2013-Ohio-4144, ¶ 11 (1st Dist.); *State v. Homan*, 89 Ohio St.3d 421, 427 (2000). In making this determination, an appellate court examines the totality of facts and circumstances

4

surrounding the arrest. *Homan* at 427.

**{¶12}** In this case, the trial court found the following factors established probable cause: (1) Johnson made an improper left turn into oncoming traffic, causing a three-car accident; (2) he exhibited an odor of alcohol on his person that became stronger as he spoke; (3) he slurred some words; (4) he admitted to consuming alcohol; (5) he was belligerent to the victims; and (6) he had watery eyes.

**{¶13}** Johnson argues that those facts were insufficient to establish probable cause because it is legal to consume alcohol before driving, his watery eyes could have been caused by the accident, he was not swaying or losing his balance, and he had no trouble producing his license. In making this argument, Johnson relies on *State v. Phoenix*, 2010-Ohio-6009 (1st Dist.). In *Phoenix*, the defendant drove without his headlights, had a slight odor of alcohol, did not have slurred speech, did not exhibit balancing or coordination issues, had glassy and bloodshot eyes, admitted to drinking, and passed the walk and turn test and the one leg stand test. *Id.* at ¶ 8. Based on these facts, the *Phoenix* court held that the officer lacked probable cause to arrest because the driving infraction was not significant, there was no slurred speech, the odor of alcohol was slight, and Phoenix did not perform poorly on the field sobriety tests. *Id.* at ¶ 9-10.

**{¶14}** Unlike Phoenix, Johnson exhibited impaired driving by committing a traffic infraction that caused a three-car accident. *See State v. Bryant*, 2010-Ohio-6009 (1st Dist.) (the defendant's driving behavior, driving in reverse and going the wrong way on a one-way street was "more suggestive of impairment" than a minor traffic violation). Johnson had a strong odor of alcohol emanating from his person that grew stronger the more he spoke, as opposed to the slight odor noted in *Phoenix*. Additionally, Johnson slurred his words, had watery eyes, admitted to drinking, was

belligerent to the victims, and did not pass any field sobriety tests prior to his arrest. These facts and circumstances, when considered as a whole, would have justified an objectively reasonable officer in believing that Johnson had been driving under the influence of alcohol. Thus, there was sufficient evidence to establish probable cause to arrest.

{¶15} We overrule Johnson's first assignment of error.

### Sufficiency of the Explanation of Circumstances

{¶16} In his second assignment of error, Johnson asserts that the trial court erred in finding Johnson guilty of OVI following a plea of no contest when the explanation of circumstances was insufficient to establish the elements of that offense.

{¶17} "Appellate review of a trial court's finding of guilt on a no contest plea to a misdemeanor is de novo." (Citations omitted.) *State v. Patton*, 2022-Ohio-4149, ¶ 9 (3d Dist.).

{¶18} A plea of no contest "shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07. In non-minor misdemeanor cases, "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Id.*; *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984). "To find the defendant guilty, the explanation of circumstances must contain sufficient information to support all of the essential elements of the offense." *State v. Robinson*, 2018-Ohio-1797, ¶ 3 (1st Dist.)

{¶19} Johnson pled no contest to and was found guilty of R.C. 4511.19(A)(1)(a), which prohibits the operation of a motor vehicle if the person is under the influence of alcohol, a drug of abuse, or a combination of both, at the time of operation. The facts alleged in the complaint were that Johnson operated his vehicle

6

while under the influence of alcohol/drug of abuse, and his breath test revealed a breath-alcohol concentration of .134. In the explanation of circumstances, the prosecutor stated, "On or about August 11, 2023, in Hamilton County, Ohio, the defendant, Jamie Johnson, was operating a motor vehicle. While operating that motor vehicle, the defendant was operating it while under the influence of alcohol or drug of abuse in violation of ORC 4511.19(A)(1)(a). This is based off of a submittal to a [breath] test, which came back at a .134 BAC." The explanation established that Johnson operated a motor vehicle while under the influence of alcohol in Hamilton County, Ohio.

**{¶20}** Johnson contends the explanation did not establish that his faculties were appreciably impaired. However, courts have defined "under the influence" as "[t]he condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." *City of Akron v. Foos*, 2016-Ohio-8441, ¶ 5 (9th Dist.), quoting *State v. Adams*, 2013-Ohio-4258, ¶ 25 (9th Dist.), quoting *State v. Smith*, 2010-Ohio-1232, ¶ 92 (5th Dist.), quoting *Toledo v. Starks*, 25 Ohio App.2d 162, 166, (6th Dist. 1971).

**{¶21}** The explanation of circumstances included the fact that Johnson was "operating [a motor vehicle] while under the influence of alcohol or drug [of] abuse in violation of ORC 4511.19(A)(1)(a)." As previously discussed, operating a vehicle while under the influence has been defined as consuming intoxicating beverages in such quantity that its effect adversely affects one's actions, reactions, conduct, movement or mental processes or impairs one's reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle. *See id.* Accordingly, the explanation

of circumstances established that Johnson was appreciably impaired, and we overrule the second assignment of error.

## Conclusion

**{¶22}** Having overruled Johnson's assignments of error, we affirm the judgment of the trial court with respect to the OVI conviction and dismiss the appeal in part with respect to the convictions in 23/TRC/20921/B and C.

Judgment affirmed in part and appeal dismissed in part.

**BOCK, P.J.,** and **BERGERON, J**., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.