[Cite as *State v. Lyles*, 2022-Ohio-1414.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210271 |
| | | C-210272 |
| Plaintiff-Appellee, | : | C-210273 |
| | | TRIAL NOS. 20TRD-21456 A-C |
| vs. | : | |
| | : | *O P I N I O N.* |
| ANTRELL LYLES, | | |
| Defendant-Appellant. | : | |


Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-210271 and C-210273, Reversed and Remanded in C-210272

Date of Judgment Entry on Appeal: April 29, 2022


*Andrew W. Garth,* City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Rebecca Barnett,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}     A fender bender led to defendant-appellant Antrell Lyles's convictions for an assured-distance violation, driving under suspension, and a hit-skip violation. Mr. Lyles now appeals, asserting that his guilty plea for driving under suspension violated Traf.R. 10(D), that the admission of his confession to the hit-skip violation contravened the corpus delicti rule, and that his convictions ran against the manifest weight of the evidence. We sustain Mr. Lyles's challenge to his guilty plea, but otherwise we affirm the judgment of the trial court.

I.

{¶2}     Following an automobile accident, Mr. Lyles was charged with three misdemeanor traffic offenses. The state's witnesses offered conflicting accounts of what transpired in this accident.

{¶3}     Jacob O'Brien testified that, on the date of the accident, while sitting at a red light in Clifton on Ludlow Avenue, another vehicle struck his car from behind. Mr. O'Brien spoke with the driver of that vehicle, but that driver was not Mr. Lyles. In fact, Mr. O'Brien disavowed ever seeing Mr. Lyles at the scene:

PROSECUTOR: Do you see that guy in the courtroom today?

MR. O'BRIEN: No.

PROSECUTOR: Okay. So are you able to see Mr. Lyles over there at the defense

table in the red-striped shirt?

MR. O'BRIEN: I did not see him, no.

PROSECUTOR: So that gentleman was not there?

MR. O'BRIEN: No.

That said, Mr. O'Brien acknowledged that he believed that another car had bumped the car that ran into his (in a chain reaction manner), as the other vehicle had a license plate buried in its rear bumper.

2

**{¶4}** On the other hand, Officer Helen Jackson testified that, on the date of this incident, she responded to an accident in Northside at the intersection between Chase Avenue and Hamilton Avenue. She testified that she saw two vehicles at the scene—Mr. O'Brien's vehicle ("Unit 3") and a second vehicle ("Unit 2"). However, she discovered a third vehicle's ("Unit 1") license plate lodged in the rear bumper of Unit 2. Officer Jackson ran Unit 1's license plate number, ascertaining the owner's name and address (although she never revealed the woman's name during her testimony).

**{¶5}** Based on that lead, Officer Jackson sent an investigatory letter to the owner of Unit 1. Shortly thereafter, Mr. Lyles responded to the letter and then spoke with her by phone. According to Officer Jackson, Mr. Lyles admitted over the phone that he precipitated the accident and that he fled the scene because the vehicle belonged to his girlfriend, and he feared her reaction if she learned about his involvement in an accident (with her car).

**{¶6}** Several days later, Officer Jackson went to Mr. Lyles's address to write him a ticket. She observed a Nissan Altima in his driveway with minor damage to the front bumper, and a conspicuously missing front license plate despite indications that one had been attached to the car. During their encounter, Mr. Lyles again admitted his involvement in the automobile accident, acknowledging that he fled without exchanging his information with the other drivers.

**{¶7}** At trial, Mr. Lyles's counsel stipulated to the fact that he was driving under suspension. Following this stipulation, the trial court inquired whether Mr. Lyles wished to plead guilty to the offense:

DEFENSE COUNSEL: * * * So we will stipulate that he was under that suspension code. * * * We are not contesting that he was driving in violation of that charge.

3

THE COURT: So [driving under suspension charge] is not an issue?

DEFENSE COUNSEL: No.

* * *

THE COURT: I think there was just a stipulation. But we can make this even cleaner. What is Mr. Lyles's plea going to be?

[DEFENSE COUNSEL]: Guilty.

THE COURT: All right. And do you waive and stipulate?

[DEFENSE COUNSEL]: Waive and stipulate.

THE COURT: All right. Finding of guilty on B. We are going through with A and C.

{¶8} The trial court subsequently found Mr. Lyles guilty on the remaining two charges. Mr. Lyles now appeals, arguing that (1) the trial court violated Ohio law by accepting his guilty plea without informing him of the effect of his plea, (2) the trial court erroneously admitted his confession before the state established the corpus delicti of the offenses, and (3) his convictions were against the manifest weight of the evidence.

II.

{¶9} Mr. Lyles's first assignment of error challenges the propriety of his guilty plea for driving under suspension in light of the trial court's failure to first inform him of the effect of that plea.

{¶10} Traf.R. 10(D) provides that "[i]n misdemeanor cases involving petty offenses * * * the court * * * shall not accept [guilty] pleas without first informing the defendant of the effect of the plea of guilty." Driving under suspension is a petty offense, subject to the requirements of Traf.R. 10(D). *See* Traf.R. 2(D) (" 'Petty offense' means an offense for which the penalty prescribed by law includes confinement for six months or less."); R.C. 4510.111(C)(1) ("[driving under a suspended license] is an unclassified misdemeanor. The

4

offender shall be sentenced pursuant to sections 2929.21 to 2929.28 of the Revised Code, except that the offender shall not be sentenced to a jail term.").

{¶11} "Traffic Rule 10(D) and Crim.R. 11(E) * * * are 'identical in all relevant respects.' * * * Accordingly, cases analyzing a court's duties under Crim.R. 11(E) can also be applied to cases analyzing Traf.R. 10(D)." *State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 8, quoting *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 15. "Before accepting a plea to a misdemeanor involving a petty offense, Crim.R. 11(E) requires that a trial court inform the defendant only of the effect of the specific plea being entered." *State v. Veite*, 1st Dist. Hamilton No. C-190339, 2021-Ohio-290, ¶ 11, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus. That is, "the court must inform the defendant that a plea of guilty is a complete admission of guilt." *Id.*

{¶12} "The right to be informed that a guilty plea is a complete admission of guilt is a nonconstitutional right and subject to review for substantial compliance." *Id.* at ¶ 16, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. "When a trial court does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, we must determine whether the trial court partially complied or failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.*, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. However, " '[a] complete failure to comply with the rule does not implicate an analysis of prejudice.' " *Id.,* quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶13} We do not believe that the trial court substantially complied with Traf.R. 10(D). A review of the transcript demonstrates that the trial court never explained that a plea of guilty constitutes a complete admission of guilt, or otherwise engaged with Mr. Lyles to

inform him of the effect of his plea. The entire discussion involved a colloquy with counsel, rather than the defendant. This case is similar to *State v. Veite*, where we held that the following colloquy constituted a "complete failure" to comply with Crim.R. 11(E):

> THE COURT: All right. Mr. Veite, do you understand that on the B charge, which is the public indecency, the maximum possible penalty is 30 days in jail and/or a $250 fine? Yes?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And on the C charge (voyeurism), the maximum penalty is 90 days in jail and/or a $700—No. I'm sorry. 60 days in jail, M3, and a $500 fine. Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. Do you have any questions before I accept your plea?
>
> THE DEFENDANT: No.
>
> THE COURT: No? I'll accept the pleas of guilty. Facts.

*Veite*, 1st Dist. Hamilton No. C-190339, 2021-Ohio-290, at ¶ 12. Like in *Veite*, here the trial court never used any language that would explain to Mr. Lyles that his guilty plea constituted a complete admission of guilt. In fact, in this case the trial court did not even address Mr. Lyles personally. We accordingly disagree with the state's argument that the trial court substantially complied with Traf.R. 10(D).

{¶14} The state maintains that, even if the trial court violated Traf.R. 10(D), Mr. Lyles waived and/or invited the trial court's violation of the rule. We disagree. Neither Traf.R. 10(D) nor Crim.R. 11(E) indicates that the defendant must invoke his right to be informed of the effect of his plea to trigger the trial court's duty under either of those provisions. *See State v. Penkala*, 6th Dist. Ottawa No. OT-14-028, 2015-Ohio-914, ¶ 6 ("As quoted above, Crim.R. 11(E) reads that a court 'shall not accept' no contest pleas without first explaining the effect

6

of the pleas. The term 'shall' in a statute or rule connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary. * * * Crim.R. 11(E) places an affirmative duty on the trial judge which cannot be waived by defense counsel."). We accordingly sustain Mr. Lyles's first assignment of error, vacate his guilty plea to driving under suspension, and remand for further proceedings.

### III.

{¶15} Mr. Lyles's second assignment of error maintains that (1) his confession was inadmissible because the state failed to establish the corpus delicti of the offense, and (2) his convictions were against the manifest weight of the evidence.

### A.

{¶16} "Before a confession to a crime is admissible, the state must have some evidence outside of the confession tending to establish the corpus delicti." *State v. Kraft*, 1st Dist. Hamilton No. C-060238, 2007-Ohio-2247, ¶ 18, citing *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph one of the syllabus. "The state's evidentiary burden under the corpus delicti rule is minimal: only a 'modicum of evidence' is necessary to satisfy the rule." *Id.* at ¶ 20. "This evidence does not need to relate to every element of the offense and can be circumstantial." *Id.*

{¶17} Both Mr. O'Brien and Officer Jackson testified to the existence of another vehicle's license plate lodged in the rear bumper of Unit 2. We believe that this evidence constitutes the "modicum of evidence" necessary to establish the corpus delicti of the offense. The license plate represents some evidence that another vehicle struck Unit 2, causing the accident. And thus, the admission of Mr. Lyles's confession did not violate the corpus deliciti rule.

### B.

**{¶18}** Alternatively, Mr. Lyles argues that, even if his confession rests on a solid foundation, his convictions ran against the manifest weight of the evidence. In reviewing whether a conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will reverse the trial court's decision to convict and grant a new trial only in " 'exceptional cases in which the evidence weighs heavily against the conviction.' " *State v. Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, ¶ 7 (1st Dist.), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶19}** For this point, Mr. Lyles essentially posits that the evidence weighs heavily against the finding of his involvement in this accident. Mr. Lyles emphasizes that the prosecuting witnesses gave conflicting accounts on the location where this accident occurred and the number of vehicles in the accident. But these testimonial inconsistencies do not weigh heavily against the convictions, particularly where (1) the witnesses agreed that there was a license plate lodged in Unit 2's rear bumper, (2) Officer Jackson testified that Mr. Lyles responded to an investigatory letter sent to the owner of that license plate, and (3) Mr. Lyles confessed that he was in the accident and fled the scene.

**{¶20}** Accordingly, we reject Mr. Lyles's challenge to the weight of the evidence, and overrule his second assignment of error in full.

\* \* \*

**{¶21}** In light of the foregoing, we sustain Mr. Lyles's first assignment of error, vacate his plea to driving under suspension, and remand that cause for further proceedings. We overrule Mr. Lyles's second assignment of error in full and otherwise affirm the trial court's judgment.

Judgment accordingly.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.