[Cite as *State v. Schuster*, 2023-Ohio-3038.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-220525 |
| | | | C-220526 |
| Plaintiff-Appellee, | : | | C-220649 |
| | | TRIAL NOS. | 20TRC-19624 A,B,C |
| vs. | : | | 21TRC-2913 A,B,C |
| | : | | |
| MARTIN SCHUSTER, | | *O P I N I O N.* | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded in C-220526 and C-220649; Reversed and Appellant Discharged in C-220525

Date of Judgment Entry on Appeal: August 30, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Amber H. Daniel,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Krista Gieske,* Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} In these consolidated appeals, defendant-appellant Martin Schuster argues that the trial court failed to advise him of the effects of his no-contest pleas as required by Traf.R. 10(B) and (D). He also argues that the state failed to establish a sufficient factual basis to convict him for refusing a chemical test. We agree, reverse his convictions, and remand the matter in the appeals numbered C-220526 and C-220649. In addition, we reverse his conviction for refusing a chemical test and discharge Schuster on that count in the appeal numbered C-220525.

## I. Facts and Procedure

{¶2} In 2020, police cited Schuster for operating a car under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a), refusing a chemical test in violation of R.C. 4511.19(A)(2), and driving without a valid license in violation of R.C. 4510.12. According to the citation, Schuster had an OVI violation 13 years earlier.

{¶3} In February 2021, the state charged Schuster with three additional misdemeanor offenses: OVI in violation of R.C. 4511.19(A)(1)(a), refusing a chemical test in violation of R.C. 4511.19(A)(2), and operating a motor vehicle without reasonable control in violation of R.C. 4511.202. The citation alleged that Schuster failed to control his car, was driving under the influence, and refused a chemical test "with [a] prior OVI in 20 years."

{¶4} Schuster pleaded no contest to all six counts. After a short plea colloquy and an explanation of circumstances, the trial court accepted his pleas and found him guilty of all six offenses. Beginning with the 2021 offenses, the trial court merged the OVI charge into the refusal charge and sentenced Schuster to 180 days in jail, with 135 days suspended and 45 days in an alternative-sentencing program. For the 2021 reasonable-control charge, the trial court remitted costs and issued no fine. Turning

2

to the 2020 offenses, the trial court again merged the OVI charge into the refusal charge and sentenced Schuster to consecutive sentences of 180 days in jail, with 135 suspended, and 45 days in an alternative-sentencing program. For driving without a license in 2020, costs were remitted, and he received no fine. In addition, the trial court suspended his driver's license for five years and revoked his driving privileges.

{¶5}  Weeks later, the state charged Schuster with violating the terms of his probation after he was seen driving from the probation center. Schuster pleaded no contest. Following a colloquy and the state's explanation of circumstances, the trial court accepted his plea, found him guilty, imposed jail time, and declared him eligible for extended in-patient treatment. Schuster appeals in two assignments of error.

## II.  Law and Analysis

{¶6}  First, Schuster argues that the trial court failed to advise him of the effects of his no-contest pleas at his two hearings. Second, he maintains that the state's explanation of circumstances failed to present facts that would establish elements of his 2020 OVI and refusal charges.

### A.  The trial court failed to advise Schuster of the effect of his no-contest pleas.

{¶7}  Schuster contends that the trial court completely failed to advise him of the effects of his no-contest pleas as required by Traf.R. 10(D). In response, the state argues that the trial court substantially complied with the rule and, alternatively, that the trial court's omissions were not prejudicial.

{¶8}  The parties agree that Schuster was charged with, and convicted of, first-degree misdemeanor offenses, which constitute petty offenses under Traf.R. 2(D). For petty misdemeanor offenses, Traf.R. 10 governs pleas and a defendant's rights when pleading to a violation of the traffic laws. And because Traf.R. 10(D) mirrors Crim.R. 11(E), " ' "cases analyzing a court's duties under Crim.R. 11(E)

3

can also be applied to cases analyzing Traf.R. 10(D)." ' " *State v. Lyles*, 1st Dist. Hamilton Nos. C-210271, C-210272 and C-210273, 2022-Ohio-1414, ¶ 11, quoting *State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 8, quoting *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 15.

{¶9} For petty offenses, the trial court "shall not accept [a no contest] plea[] without first informing the defendant of the effect of the plea." Traf.R. 10(D). A "trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins* at ¶ 28. And Traf.R. 10(B)(2) explains that a no-contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 23, citing Traf.R. 10(B)(2). While a word-for-word recitation of the rule is preferable, it is not required. *State/City of Toledo v. Blackshear*, 6th Dist. Lucas No. L-19-1092, 2020-Ohio-1233, ¶ 28, citing *State v. Willis*, 6th Dist. Wood No. WD-16-048, 2019-Ohio-1182, ¶ 9.

{¶10} Rather, the trial court must convey Traf.R. 10(B)(2)'s "three points of information." *State v. Clay,* 2d Dist. Miami No. 2021-CA-21, 2022-Ohio-631, ¶ 11, fn. 3, quoting *State v. Lazazzera,* 7th Dist. Mahoning No. 12 MA 170, 2013-Ohio-2547, ¶ 14. The advisement must provide that a no-contest plea 1.) does not admit guilt; 2.) admits the truth of the facts alleged in the indictment, information, or complaint; and 3.) the plea cannot be used in future civil or criminal proceedings. *Lazazzera* at ¶ 14, citing *State v. Dosch*, 7th Dist. Mahoning No. 08MA63, 2009-Ohio-6534, ¶ 12.

{¶11} We begin with the trial court's compliance with Traf.R. 10(D). Schuster's right to be informed of the effect of his no-contest pleas is nonconstitutional and substantial compliance with Traf.R. 10(D) is all that is required. *State v. Griggs*,

4

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990); *State v. Illing,* 1st Dist. Hamilton No. C-220166, 2022-Ohio-4266, ¶ 15. Under this rule, a slight deviation from the text of the rule or otherwise imperfect explanation of nonconstitutional rights will not invalidate a no-contest plea so long as the totality of the circumstances indicate that " 'the defendant subjectively understands the implications of his plea.' " *State v. Clark*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 32, citing *Nero* at 108.

{¶12}  At the first hearing, the trial court advised Schuster that "a no contest plea, as long as the City reads facts into the record that constitute a violation of Ohio law, I'm likely to find you guilty and impose a sentence." At the second hearing, the trial court provided a similar advisement, explaining that "[a] no contest plea, as long as I read facts in the record about your probation violation, as long as it violates – it constitutes a violation of your probation, I'm likely to find you guilty and impose a sentence." And at both hearings, Schuster indicated that he understood and wanted to enter no-contest pleas. The trial court found him guilty.

{¶13}  The state contends that the trial court substantially complied with Traf.R. 10(D) because it advised Schuster of the maximum penalties for the 2020 and 2021 offenses at the first hearing. We disagree, because " 'for misdemeanor petty offenses, there is no requirement that a trial court advise a defendant of the maximum penalty involved.' " *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 8, quoting *State v. Hilderbrand*, 4th Dist. Adams No. 08CA864, 2008-Ohio-6526, ¶ 21. In felony cases, the trial court must "determine that the defendant understands the nature of the charge, the *maximum penalty involved*, and the effect of the plea." (Emphasis added.) *City of Parma v. Buckwald,* 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032, ¶ 8, citing Crim.R. (C)(2)(a) and (b). And "[t]he

more 'elaborate' procedures for accepting pleas in felony cases and in serious misdemeanor cases do not apply" to minor misdemeanors. *State v. Daniels*, 2015-Ohio-5348, 45 N.E.3d 266, ¶ 16 (1st Dist.); s*ee Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at ¶ 28 ("The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal with only misdemeanor offenses."). Advising Schuster that the trial court would base its guilty finding on the state's explanation of circumstances is neither a slight deviation from the rule's text, nor an imperfect explanation.

{¶14} Because the trial court's advisement did not substantially comply with Traf.R. 10(B) and (D), "we must determine whether the trial court partially complied or failed to comply with the rule." *State v. Veite*, 1st Dist. Hamilton No. C-90339, 2021-Ohio-290, ¶ 16, citing *Clark,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 32. If we find that the trial court partially complied with Traf.R. 10(D)'s mandate, Schuster must demonstrate prejudice. *Id.,* citing *Clark* at ¶ 32. But if we determine that the trial court's advisement constituted a complete failure, Schuster need not show prejudice. *Id.*, quoting *Clark* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶15} We hold that the trial court completely failed to advise Schuster of the effects of his no-contest pleas as required by Traf.R. 10(B) and (D). The trial court failed to advise Schuster of any of the three required points of information, that 1.) he was not admitting guilt, 2.) he was admitting to the facts in the complaint, and 3.) his no-contest pleas cannot be used against him in future proceedings. The state disagrees, relying on the fact that the trial court informed Schuster of the minimum and maximum penalties. But again, "a statement about the effect of a plea is separate from statements relating to a maximum penalty." *Jones*, 116 Ohio St.3d 211, 2007-

6

Ohio-6093, 877 N.E.2d 677, at ¶ 22. And "[w]here there is a complete failure to comply with the rule, a prejudice analysis is not necessary." *Veite* at ¶ 17. We sustain Schuster's first assignment of error.

   B. <u>The state failed to establish the elements of refusing a chemical test.</u>

{¶16} In his second assignment of error, Schuster maintains that the trial court erred when it found him guilty of OVI and refusing a chemical test in 2020. Specifically, he argues that the state's explanation of circumstances for those offenses failed to establish a factual basis to satisfy essential elements of each offense.

{¶17} Under both Crim.R. 11(B)(2) and R.C. 2937.07, a plea of no contest to a misdemeanor offense constitutes "an admission of the truth of the facts alleged" in the complaint. Yet, R.C. 2937.07 explains that "the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances of the offense." Ordinarily, a trial court is "not required to call for an explanation of circumstances of the offense" when a defendant pleads no contest to a minor misdemeanor. But in this case, the trial court requested a reading of the facts.

{¶18} The state began with the 2020 offenses:

Your Honor, as it relates to case 20TRC19624, on or about September 14th, 2020, at approximately 11:32 p.m., the defendant operated a motor vehicle upon a public highway, 1825 Fairmount Avenue, in Cincinnati, Hamilton County, Ohio, while under the influence of alcohol and/or drugs of abuse. He refused a chemical test as required under 4511.19A2 and operated that motor vehicle without a driver's license. FRA was marked no. In that instance, no crash.

{¶19} We begin with the refusal conviction. Under R.C. 4511.19(A)(2), within 20 years of an OVI conviction, no person shall operate a vehicle under the influence and:

> Subsequent to being arrested for operating the vehicle * * *, being asked by a law enforcement officer to submit to a chemical test or tests under [R.C. 4511.191], and being advised by the officer in accordance with [R.C. 4511.192] of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

In other words, an OVI conviction within 20 years of Schuster's 2020 OVI is an element of the offense under R.C. 4511.19(A)(2). *See State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 13.

{¶20} We agree that the state failed to establish a factual basis for Schuster's 2020 refusal to take a chemical test. There is nothing in the state's explanation of circumstances that establishes that Schuster had an OVI within the 20 years before September 2020. Moreover, there was no written plea agreement and no mention in the hearing transcript that Schuster knowingly admitted to the facts alleged in the complaint. *Compare City of Girard v. Giordano,* 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 3. While the state argues that it later established that Schuster had a prior OVI conviction within 20 years, the state made clear that this fact related to his refusal to take a chemical test during his 2021 arrest. The state explained, "As it relates to 21TRC2913, on or about February 4th, 2021, at approximately 11:41 a.m., the defendant * * * refused a chemical test under 4511.191 with prior OVI in 20 years."

{¶21} Because the state's explanation of circumstances failed to establish an essential element of refusing a chemical test in violation of R.C. 4511.19(A)(2), the trial court erred in finding Schuster guilty of that charge. In these circumstances, the state's

8

failure is "akin to a failure to introduce sufficient evidence." *City of Seven Hills v. McKernan*, 2019-Ohio-1001, 124 N.E.3d 898, ¶ 26 (8th Dist.). Thus, we must reverse Schuster's conviction and discharge him of this charge, as "jeopardy has attached and []a remand for a new determination of guilt or innocence is barred by double jeopardy." *Id.* at ¶ 28.

**{¶22}** Schuster also argues that the state failed to establish the elements of his 2020 OVI charge. But the trial court merged that charge into the charge for refusing a chemical test in 2020 before sentencing Schuster. As such, Schuster was not sentenced for the 2020 OVI and was never convicted of that charge. *See State v. Payne*, 11th Dist. Ashtabula No. 2014-A-0001, 2014-Ohio-4304, ¶ 27. Without a conviction there is no final appealable order, and we lack jurisdiction to address Schuster's challenge to his 2020 OVI charge. *Id.* Therefore, we sustain Schuster's second assignment of error as it relates to the refusal charge.

### III. Conclusion

**{¶23}** The trial court completely failed to advise Schuster of the effects of his no-contest pleas as prescribed by Traf.R. 10. We sustain his first assignment of error, vacate his no-contest pleas, reverse his convictions, and remand the cases for further proceedings in the appeals numbered C-220526 and C-220649. Because the state's explanation of circumstances provided an insufficient factual basis to convict Schuster for refusing a chemical test in the appeal numbered C-220525, we sustain his second assignment of error, reverse his conviction, and discharge Schuster on that count.

Judgment accordingly.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

9