[Cite as *State v. Hinds*, 2024-Ohio-6042.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240231 |
|  |  | TRIAL NO. | C/23/TRD/26188 |
| Plaintiff-Appellee, | : |  |  |
| vs. | : |  |  |
| SUSAN HINDS, | : | *O P I N I O N* |  |
| Defendant-Appellant. | : |  |  |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 27, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Harris Law Firm, LLC*, and *Felice Harris*, for Defendant-Appellant.

**WINKLER, Judge.**

**{¶1}** Defendant-appellant Susan Hinds appeals her conviction for failure to comply with an order or signal of a police officer under R.C. 2921.331(A). We find no merit in her sole assignment of error, and we affirm the trial court's judgment.

**{¶2}** On September 30, 2023, Hinds received a ticket for failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(A). The ticket stated that in committing the offense, Hinds almost struck two deputies who were putting out flares for traffic control. She originally pleaded not guilty, and the matter was set for trial.

**{¶3}** Subsequently, Hinds waived her right to a jury and entered a no-contest plea. At the plea hearing, the trial court asked for a reading of the facts. The prosecutor stated, "On or about September 30th, 2023 in Hamilton County, Ohio, the defendant, Susan Hinds, operated a motor vehicle, [and] while doing so, she failed to comply with the order or direction of a police officer by going around a marked police cruiser when the road was closed, and she had been signaled to not go in that direction."

**{¶4}** The court then found Hinds guilty. It imposed a $500 fine, suspended her license for six months, and ordered her to pay court costs. Hinds now appeals that conviction.

**{¶5}** In her sole assignment of error, Hinds contends that her conviction was not supported by sufficient evidence. She argues that the State's explanation of circumstances failed to show that she acted recklessly. This assignment of error is not well taken.

**{¶6}** R.C. 2321.331(A) provides, "No person shall fail to comply with any

lawful order or direction of any police officer invested with the authority to direct, control, or regulate traffic." A violation of this section is a first-degree misdemeanor. R.C. 2921.331(C)(2). The maximum term of incarceration for a first-degree misdemeanor is 180 days (six months). R.C. 2929.24(A)(1).

{¶7} Traf.R. 2(D) defines a "petty offense" as "an offense for which the penalty prescribed by law includes confinement for six months or less." For petty misdemeanor offenses, Traf.R. 10 governs pleas and a defendant's rights when pleading to a traffic-law violation. *State v. Schuster*, 2023-Ohio-3038, ¶ 8 (1st Dist.). Because Traf.R. 10(D) mirrors Crim.R. 11(E), "cases analyzing a court's duties under Crim.R. 11(E) can also be applied to cases analyzing Traf.R. 10(D)." *Id.*, quoting *State v. Lyles*, 2022-Ohio-1414, ¶ 11 (1st Dist.).

{¶8} A plea of no contest is not an admission of the defendant's guilt, but it is an admission to the truth of the facts alleged in the complaint. R.C. 2937.07; Traf.R. 10(B)(2). To convict a defendant who has entered a no-contest plea, the State must provide an explanation of circumstances sufficient to support all of the elements of the charged offense. A no-contest plea leaves open a challenge to the sufficiency of the complaint. *State v. Waddell*, 71 Ohio St.3d 630, 631 (1995); *State v. Wisler*, 2019-Ohio-2363, ¶ 4 (1st Dist.). When the explanation of circumstances fails to satisfy all of the elements of an offense, the defendant has a substantive right to be discharged by a finding of not guilty. *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984); *State v. Robinson*, 2018-Ohio-1797, ¶ 3 (1st Dist.).

{¶9} Hinds failed to raise the issue that the explanation of circumstances was insufficient in the trial court. Therefore, she has forfeited all but plain error. *State v. Williams*, 2024-Ohio-5076, ¶ 26 (1st Dist.); *State v. Jones*, 2013-Ohio-4745, ¶ 8 (6th

Dist.). To establish plain error, a defendant must show that the error affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *State v. Rogers*, 2015-Ohio-2459, ¶ 3.

**{¶10}** In the case of a no-contest plea, the question is not whether there is evidence which would establish all elements of the charge, thus supporting a finding of guilt, rather, the question to be answered is whether the explanation of circumstances made contains sufficient information to support all of the elements of the charge. *Bowers* at 151; *Columbus v. Jones*, 1991 Ohio App. LEXIS 402, *5 (10th Dist. Jan. 29, 1991). The explanation-of-circumstances requirement provides a level of procedural protection to the defendant. *City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 18; *Wisler* at ¶ 5. "It is not, however, a barometer of the sufficiency of the evidence." *Wisler* at ¶ 5. A reversal for failure to comply with the explanation-of-circumstances requirement is not equivalent to an acquittal based on the insufficiency of the evidence. *Giordano* at ¶ 16; *Wisler* at ¶ 5.

**{¶11}** R.C. 2921.331(A) does not specify the mens rea needed to commit the offense. R.C. 2901.21(C)(1) states, "When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly."

**{¶12}** Several appellate districts have held that the State must prove the defendant acted recklessly to obtain a conviction for a violation of R.C. 2921.331(A). *See State v. Elliott*, 2009-Ohio-5816 (8th Dist.); *State v. Shafer*, 2006-Ohio-4189 (3d Dist.); *State v. Millik*, 2006-Ohio-202 (11th Dist.); *State v. Malcolm*, 2003-Ohio-5629 (5th Dist.); *State v. Brewer*, 96 Ohio App.3d 413 (2d Dist. 1994). This court has not

specifically stated that the appropriate mental state is recklessness, but we have applied that standard. *See State v. Walton*, 2000 Ohio App. LEXIS 429, *4 (1st Dist. Feb. 11, 2000).

**{¶13}** In *Giordano*, the State provided no explanation of circumstances at all. In concluding that the Double Jeopardy Clause did not bar further proceedings in the trial court, the Ohio Supreme Court set forth scenarios in which the explanation of circumstances would have been satisfied. It stated,

> As further illustration of why the trial court's failure to call for an explanation of circumstances does not create a sufficiency problem, imagine for a second that the trial judge in this case had called for an explanation of circumstances. The requirement could have been met by Captain John Norman, the police officer who swore out the complaint, simply reciting the allegations of the complaint—the exact facts that Giordano had already admitted to in pleading no contest. Or the prosecutor could have read the complaint word for word. . . . Had either occurred, the explanation-of-circumstances requirement would have been satisfied.

*Giordano*, 2018-Ohio-5024, at ¶ 22.

**{¶14}** Here, the State's explanation of circumstances was a recitation of the language of the complaint. It established that Hinds knew that she had been given an order, and she failed to comply. Thus, the explanation of circumstances shows that she not only acted recklessly, but knowingly. "When recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element." R.C. 2901.22(E).

5

**{¶15}** The trial court did not err in finding Hinds guilty, much less commit plain error. Consequently, we overrule Hinds's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.