[Cite as *State v. Scudder*, 2025-Ohio-1267.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240343 |
| | | TRIAL NO. | C/23/TRC/25767/A |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| JOHNNY SCUDDER, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: April 11, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, and *Philip R. Cummings,* Assistant Prosecuting Attorneys, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1} Defendant-appellant Johnny Scudder appeals his conviction for operating a motor vehicle with a specific concentration of methamphetamine in his urine. Scudder pleaded no contest to the offense in the Hamilton County Municipal Court, but argues that the State improperly amended the charge and failed to comply with a statute requiring an explanation of circumstances to support the trial court's finding of guilt. We agree with Scudder that the State's recitation of facts fell short of what is required by R.C. 2937.07, because it did not identify—either expressly or by implication—the amount of methamphetamine alleged to be in Scudder's urine. We accordingly reverse the judgment of the trial court and discharge Scudder from further prosecution.

## *Factual and Procedural History*

{¶2} On September 28, 2023, Scudder was arrested and charged with operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, driving with a suspended license in violation of R.C. 4510.11, a misdemeanor of the first degree, and impeding traffic in violation of R.C. 4511.22, a minor misdemeanor. At the time of his arrest, law enforcement officers collected a sample of Scudder's urine for the purpose of determining whether he was under the influence of any particular substance.

{¶3} The trial court conducted a pretrial hearing on January 9, 2024, at which Scudder apparently was not present. The State reported that it had received the lab report from Scudder's urinalysis. It requested that Scudder be instructed to appear at the next court hearing so it could cite him for an additional charge based on the urinalysis results.

{¶4} At the next setting on February 7, 2024, Scudder was not in court, and

the matter was continued.

**{¶5}** The next pretrial hearing took place on February 15, 2024. This time, Scudder was in attendance, but the prosecutor excused the police officers on Scudder's case before they could cite him for the additional charge. The matter was again continued.

**{¶6}** The trial court conducted yet another pretrial hearing on March 21, 2024. At this hearing, the State orally moved the trial court to amend the basis of the OVI charge from a violation of R.C. 4511.19(A)(1)(a), which prohibits operating a vehicle while under the influence of alcohol and/or a drug of abuse, to a violation of R.C. 4511.19(A)(1)(j)(ix), which prohibits operating a vehicle with a specific concentration of methamphetamine in a person's system. Scudder objected to the State's motion as untimely. Scudder also pointed out that he previously had been present in court but had not been cited with an additional charge under R.C. 4511.19(A)(1)(j)(ix). Unconvinced by these arguments, the trial court granted the State's motion to amend, thereby permitting the State to proceed to prosecute Scudder for OVI under R.C. 4511.19(A)(1)(j)(ix).

**{¶7}** On May 22, 2024, Scudder entered no-contest pleas to all three charges, including the amended OVI charge.[1] As part of the plea hearing, the trial court inquired as to whether Scudder wanted "to hear the facts." Scudder's attorney indicated that he did not. The trial court nevertheless asked the State for a recitation of the facts. The prosecutor then explained the factual basis for Scudder's charges as follows:

---

[1] In exchange for his no contest pleas, the State agreed to additionally amend the driving under suspension charge to a lesser offense. This aspect of Scudder's plea agreement is not at issue in this appeal. Rather, Scudder solely appeals his conviction for OVI.

Judge, on or about September 28, 2023, the defendant, while driving a

motor vehicle, in a Township of Whitewater, Hamilton County, State of

Ohio, did commit the following infraction, driving under the influence,

in violation of 4511.19(A)(1)(j), and driving under suspension, amended

to 4510.111 and slow speed, 4511.22(A).

**{¶8}** Based on this statement, the trial court found Scudder guilty as charged. On the OVI, the trial court sentenced Scudder to 180 days in jail and suspended 177 days of the sentence. It expressly permitted Scudder to serve his three-day jail sentence in the Driver's Intervention Program. As to the OVI, Scudder was further ordered to pay a $400 fine plus court costs, to complete 18 months of probation, including a condition that he not consume alcohol, and to serve a one-year driver's license suspension effective September 28, 2023. On the remaining two charges, the trial court remitted fines and costs. The trial court denied a stay of sentence pending appeal.

### *Analysis*

**{¶9}** On appeal, Scudder raises two assignments of error. First, Scudder argues that the trial court erred in permitting the State to amend the OVI charge from a violation of R.C. 4511.19(A)(1)(a) to a violation of R.C. 4511.19(A)(1)(j)(ix). Second, Scudder asserts that the trial court erred in finding him guilty of violating R.C. 4511.19(A)(1)(j)(ix), where the facts read into the record were insufficient to establish each element of the offense. We address Scudder's second assignment of error first because it is dispositive of this appeal.

### *No-Contest Plea*

**{¶10}** In his second assignment of error, Scudder argues that the trial court erred in finding him guilty of violating R.C. 4511.19(A)(1)(j)(ix) because the recitation

of the facts in open court was insufficient to support his conviction.

{¶11} A plea of no contest is not an admission of guilt, but rather an admission of the facts alleged in the charging instrument. *See City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 18, citing Crim.R. 11; *see also State v. Hinds*, 2024-Ohio-6042, ¶ 8 (1st Dist.). R.C. 2937.07 governs the procedure for entering no-contest pleas in misdemeanor cases. It states in pertinent part, "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense."

{¶12} Thus, for a defendant to be found guilty after entering a no-contest plea to a misdemeanor, "the State must provide an explanation of circumstances sufficient to support all of the elements of the charged offense." *Hinds* at ¶ 8. "When the explanation of circumstances fails to satisfy all of the elements of an offense, the defendant has a substantive right to be discharged by a finding of not guilty." *Id.*, citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984).[2]

{¶13} Scudder asserts that the State's minimal recitation of the facts at the plea hearing did not comport with the procedural requirements of R.C. 2937.07.

---

[2] We note some tension in the law as to the appropriate remedy for violations of the R.C. 2937.07 explanation-of-circumstances requirement. In *Bowers*, the Ohio Supreme Court held that the statute confers a substantive right to a factual recitation and therefore that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Bowers*, 9 Ohio St.3d at 150. Relying on this determination, this court and others have determined that a defendant must be discharged from prosecution where an explanation of circumstances offered pursuant to R.C. 2937.07 does not demonstrate a factual basis for guilt. *See, e.g., State v. Schuster*, 2023-Ohio-3038, ¶ 21 (1st Dist.); *City of Seven Hills v. McKernan*, 2019-Ohio-1001, ¶ 25-28 (8th Dist.). But in *City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 18, the Ohio Supreme Court held that discharge is not required and that double jeopardy does not bar retrial where the trial court neglects to call for an explanation of circumstances. In *McKernan*, the Eighth District explained the holding in *Giordano* as procedural. As it observed, the remedy for the trial court's failure to conduct the explanation-of-circumstances process is to remand for that process to occur. *McKernan* at ¶ 23-28. But where the trial court receives an explanation of circumstances, and that statement fails to establish a factual basis for guilt, the appropriate remedy remains discharge of the defendant's conviction for insufficient evidence. *Id.*; *see Schuster* at ¶ 20-21.

Namely, Scudder contends that the prosecutor's barebones statement that he committed "the following infraction, driving under the influence, in violation of 4511.19(A)(1)(j)" was insufficient to establish the elements required for a conviction under R.C. 4511.19(A)(1)(j)(ix). We agree.

{¶14} To comply with R.C. 2937.07, the State was required to explain the circumstances that supported each element of an OVI offense under R.C. 4511.19(A)(1)(j)(ix). These included that Scudder operated a vehicle and that, at the time of operation, he had a methamphetamine concentration of at least five hundred nanograms per milliliter in his urine or at least one hundred nanograms per milliliter in his whole blood, blood serum, or blood plasma.

{¶15} On these points, the State's recitation was deficient in at least two key respects. First, the recitation of facts entirely failed to mention methamphetamine, a required element of an OVI offense under R.C. 4511.19(A)(1)(j)(ix). Thus, there was no express information in the factual recitation upon which the trial court could base its finding that Scudder drove with the presence of methamphetamine in his urine.

{¶16} The State argues that it implicitly complied with R.C. 2937.07 by mentioning R.C. 4511.19(A)(1)(j) at the plea hearing. But that part of the OVI statute is not specific to methamphetamine. Rather, it contains 11 separate subsections, each of which requires the presence of a specific level of a distinct controlled substance or metabolite in a person's system. In other words, not every subsection contained in R.C. 4511.19(A)(1)(j) bases an OVI offense on methamphetamine usage. Thus, given the specific nature of the charge against Scudder, the State did not satisfy the requirements of R.C. 2937.07 by citing a general provision of the OVI statute.

{¶17} Second, the State's recitation also failed to indicate the *amount* of methamphetamine found in Scudder's urine. An OVI conviction under R.C.

6

4511.19(A)(1)(j)(ix) requires proof of specific levels of methamphetamine in a person's urine or blood. No facts recited during the plea hearing demonstrated that Scudder operated a vehicle with the requisite level of methamphetamine in his system. Even the State conceded in its briefing that the prosecutor's recitation could have been more specific in this regard.

**{¶18}** In an effort to overcome these deficiencies, the State contends that Scudder waived the requirements of R.C. 2937.07 by advising the trial court that he did not "want to hear the facts." To be sure, other appellate districts have held that the explanation-of-circumstances requirement under R.C. 2937.07 is waivable. *See, e.g., State v. Korossy*, 2017-Ohio-7275 (6th Dist.); *State v. Haskamp*, 2020-Ohio-419 (12th Dist.). But a defendant's waiver of a factual recitation under R.C. 2937.07 must be explicit and clear. *Haskamp* at ¶ 14; *Korossy* at ¶ 15. As a result, merely consenting to being found guilty is insufficient to waive a factual explanation under R.C. 2937.07. *See Korossy* at ¶ 15. Nor does stipulating to a finding of guilt constitute a waiver, "as this statement explicitly leaves the finding of guilt in the hands of the trial court." *State v. Brown*, 2017-Ohio-678, ¶ 11 (3d Dist.). "Rather, a no contest plea with a stipulated finding of guilt must be accompanied by conduct on the part of the defendant that objectively indicates a clear intention to waive the explanation of circumstances." *Id.* at ¶ 10. This may be established where a defendant goes beyond a bare admission to the facts of the complaint and concedes that the facts are sufficient to establish guilt. *Korossy* at ¶ 17.

**{¶19}** Scudder did not stipulate to a guilty finding here. Nor did he clearly or explicitly waive the procedures prescribed by R.C. 2937.07. Instead, he engaged in the following brief colloquy with the trial court:

Court: Do you want to hear the facts?

Defense: No, we don't.

We decline to hold that this minimal exchange expressly waived the explanation-of-circumstances requirement, particularly in the absence of any stipulation on Scudder's part that the facts were sufficient to justify a guilty finding.

{¶20} In the absence of Scudder's concession of guilt, the State failed to establish a factual basis for Scudder's conviction under R.C. 4511.19(A)(1)(j)(ix), because its explanation of circumstances did not establish the elements of the offense as required by R.C. 2937.07. We accordingly sustain Scudder's second assignment of error, reverse his conviction for OVI because the explanation of circumstances was insufficient to support a finding of guilt, and discharge him from further prosecution on that charge.

### *Conclusion*

{¶21} Scudder's conviction for OVI was based on a no-contest plea for which the State offered an explanation of circumstances that was insufficient to demonstrate each element of an offense under R.C. 4511.19(A)(1)(j)(ix). We accordingly sustain Scudder's second assignment of error, reverse the judgment of the trial court convicting him of OVI under that statute, and discharge him from further prosecution on that charge. As a result, Scudder's first assignment of error is rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶22} The judgment of the trial court convicting Scudder of OVI under R.C. 4511.19(A)(1)(j)(ix) is accordingly reversed, and Scudder is discharged.

Judgment reversed and appellant discharged.

**BOCK** and **NESTOR, JJ.,** concur.

Please note:

8

The court has recorded its entry on the date of the release of this opinion.