[Cite as *State v. Hauser*, 2026-Ohio-1366.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.   C-250390
                                                   TRIAL NO.    C/22/CRB/21118
      Plaintiff-Appellee,          :

  vs.                                   :
                                                   *JUDGMENT ENTRY*
PATRICIA HAUSER,                        :

      Defendant-Appellant.         :


This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the appellant discharged.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 4/15/2026 per order of the court.**


**By:**_____
        **Administrative Judge**

[Cite as *State v. Hauser*, 2026-Ohio-1366.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | APPEAL NO. | C-250390 |
| | | TRIAL NO. | C/22/CRB/21118 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| PATRICIA HAUSER, | : | | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: April 15, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellant.

**Воск, Judge.**

{¶1}    The State charged defendant-appellant Patricia Hauser with theft under R.C. 2913.02(A)(1), which prohibits a person from obtaining control over the property of another without consent. The State alleged that Hauser left a bar without paying her tab and when S.K., the bar's owner, attempted to charge her credit card, it was declined. Hauser pleaded no contest and after the State provided an explanation of circumstances at her no-contest plea hearing, the trial court convicted Hauser.

{¶2}    We reverse Hauser's conviction. To convict Hauser of theft without the property owner's consent, the explanation of circumstances had to demonstrate that S.K. did not consent to Hauser's control over the beverages when he served Hauser the beverages. But the State's explanation of circumstances affirmatively negated the without-consent element of the theft charge because it showed that S.K. consented to Hauser's possession of the beverages when he served them to Hauser.

{¶3}    The State's recitation of facts established that the conduct upon which Hauser's theft charge was based did not constitute theft under R.C. 2913.02(A)(1). Accordingly, we sustain Hauser's second assignment of error, reverse her conviction, and discharge her from further prosecution. We decline to address Hauser's first assignment of error as moot.

## I.  Factual and Procedural History

{¶4}    The State charged Hauser with theft in violation of R.C. 2913.02(A)(1). Hauser moved to dismiss the charges, but the trial court denied her motion. Hauser pleaded no contest. After the trial court asked the State for an explanation of circumstances at the plea hearing, the State recited the elements of the offense and explained that Hauser purposely deprived the bar of $69.33 worth of alcoholic drinks

"by providing a credit card that was ultimately declined for the amount of the tab [for the drinks she had] consumed at the bar and failed to make any payment."

{¶5} Based on those facts, the trial court convicted Hauser of theft without the owner's consent. Hauser appealed. This court dismissed Hauser's first appeal for lack of a final appealable order. On remand, the trial court sentenced Hauser to a suspended jail sentence, imposed costs, waived fines, and placed Hauser on probation for one year, to be terminated upon her paying court costs and $69.33 in restitution. The trial court granted Hauser's request for a stay pending appeal.

## II. Analysis

{¶6} On appeal, Hauser initially raised a single assignment of error challenging the trial court's denial of her motion to dismiss. This court ordered supplemental briefing on whether the explanation of circumstances was sufficient to establish the elements of the offense. In her supplemental brief, Hauser raised a second assignment of error, which asserted that the trial court erred in convicting her where the explanation of circumstances was insufficient to establish the elements of theft under R.C. 2919.03(A)(1).

### A. No-contest pleas and the explanation of circumstances

{¶7} We review de novo a trial court's finding of guilt following a no-contest plea to a misdemeanor offense. *State v. Johnson*, 2024-Ohio-5377, ¶ 17 (1st Dist.).

{¶8} R.C. 2937.07 provides that a no-contest plea to a misdemeanor charge "shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." Except in minor-misdemeanor cases, a trial court may not make a guilty finding after a no-contest plea unless there is an explanation of circumstances that provides sufficient information to establish all

4

essential elements of the offense. *Johnson* at ¶ 18. The State's explanation of circumstances "allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation." *City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 18. Where the State's explanation of circumstances negates an essential element of the offense, a trial court may not accept a no-contest plea. *State v. Magnone*, 2016-Ohio-7100, ¶ 47 (2d Dist.); *see State v. Cohen*, 60 Ohio App.2d 182 (1st Dist. 1978).

{¶9} When the State's explanation of circumstances fails to establish the elements of the crime, "'[T]he defendant has a substantive right to be discharged by a finding of not guilty.'" *State v. Scudder*, 2025-Ohio-1267, ¶ 12 (1st Dist.), quoting *State v. Hinds*, 2024-Ohio-6042, ¶ 8 (1st Dist.), citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984).[1]

### B. The State's explanation of circumstances affirmatively negated an element of the offense

{¶10} The State charged Hauser with theft in violation of R.C. 2913.02(A)(1), which provides, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . .

---

[1] In *Giordano*, 2018-Ohio-5024, at ¶ 23, the Supreme Court of Ohio held that the Double-Jeopardy Clause of the Fifth Amendment does not bar the State from retrying a defendant where the trial court completely fails to obtain an explanation of circumstances before accepting a no-contest plea to a misdemeanor. Courts have read *Giordano* as applying to cases lacking any explanation of circumstances and have continued to discharge defendants where the explanation of circumstances fails to establish the elements of an offense. *See City of Seven Hills v. McKernan*, 2019-Ohio-1001, ¶ 24 (8th Dist.); *see also State v. Schuster*, 2023-Ohio-3038, ¶ 21 (1st Dist.), citing *McKernan* at ¶ 28; *Scudder* at ¶ 12, fn. 2 (observing tension between *Bowers* and *Giordano* and following *Schuster* and *McKernan*); *Giordano* at ¶ 18, citing *Springdale v. Hubbard*, 52 Ohio App.2d 255 (1st Dist. 1977) (explaining that had the appellate court determined that the explanation of circumstances revealed that defendant used protected First Amendment speech, "the court would have reversed the conviction and discharged him from further prosecution due to insufficiency of the evidence."). Considering *Giordano*'s citation to *Springdale*, we believe discharge to be the correct remedy in cases like this. Where the State provides facts that negate an element of an offense, discharge is appropriate because the State cannot return to the trial court and abandon the facts to which it already has committed.

. [w]ithout the consent of the owner or person authorized to give consent." To prove theft under R.C. 2913.02(A)(1), the State must establish that the defendant lacked the property owner's consent at the time that the defendant obtained possession over the property. *State v. Henderson*, 2024-Ohio-2312, ¶ 28-30 (1st Dist.).

**{¶11}** During the explanation of circumstances, the State explained that Hauser purposely deprived S.K. and his bar of $69.33 worth of property and services, without S.K.'s consent, "by providing a credit card that was ultimately declined for the amount of the tab that she had rang [sic] up and consumed at the bar and failed to make any payment for those drinks consumed."

**{¶12}** But this explanation of circumstances affirmatively negated the lack-of-consent element because it reveals that Hauser had the owner's consent to obtain control over the drinks at the time that she came into possession of them. *See Henderson* at ¶ 30; *see also City of Whitehall v. White*, 2000 Ohio App. LEXIS 3232, *5 (10th Dist. July 20, 2000) (insufficient evidence to convict defendant of theft without consent based on defendant's refusal to pay for a smaller-than-anticipated quantity of oatmeal a restaurant had provided him because "there is absolutely no question that defendant obtained possession of the bowl of oatmeal with the consent" of the owner, as "the defendant asked . . . for an order of oatmeal, which was then freely given to him.").

**{¶13}** Viewing the facts provided by the State in its explanation of circumstances in the State's favor, no reasonable inference would support finding that S.K. did not consent to Hauser's obtaining control over the beverages when the bartender handed the drinks to her. Indeed, common experience cuts against finding that the owner did not consent to Hauser possessing the drinks.

**{¶14}** After the trial court found Hauser guilty, S.K. explained that he believed Hauser "purposely gave us a credit card that she knew was in default." If this was the case, the State charged Hauser under the wrong statutory section. Instead, it should have charged Hauser with theft by deception under R.C. 2913.02(A)(3).

**{¶15}** Therefore, we sustain Hauser's second assignment of error and reverse Hauser's theft conviction under R.C. 2913.02(A)(1) because the State's explanation of circumstances negated an element of the offense.

### III. Conclusion

**{¶16}** For the foregoing reasons, we sustain Hauser's second assignment of error, reverse her conviction, and discharge her from further prosecution. We decline to address Hauser's first assignment of error because it is moot.

Judgment reversed and appellant discharged.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.